IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIKA VAKA,<br><br>    Plaintiff,<br><br>  v.<br><br>ARGENT MORTGAGE CO., et al.,<br><br>    Defendants._____/ | No. C 09-00309 CRB<br><br>**ORDER** |

Plaintiff, proceeding in pro se, filed this action in state court arising from the foreclosure of plaintiff's Oakland home. Defendants Wells Fargo and Argent Mortgage Company removed on the basis of federal question jurisdiction and moved to dismiss for failure to state a claim. As of the date of this Order, plaintiff has not responded to the motions and has not otherwise communicated with the Court. After carefully considering the allegations of the complaint, and the law set forth in defendants' memoranda, the Court concludes that oral argument is unnecessary and VACATES the April 17, 2009 hearing.

**ALLEGATIONS OF THE COMPLAINT**

On January 4, 2005, plaintiff Vika Vaka executed an adjustable rate note which promised to pay defendant Argent Mortgage Company L.L.C. ("Argent") $359,651.00. The note was secured by plaintiff's property at 1832 7th Avenue, Oakland. Plaintiff alleges that "defendants" did not explain how an adjustable rate mortgage works and charged her

improper fees as a "sub-prime" loan when in fact plaintiff qualified for a prime rate mortgage.

On January 12, 2005, a Deed of Trust that identified Argent as the lender was recorded with Alameda County. The Deed of Trust named Town and Country Title Services, Inc. as the Trustee.

On March 1, 2005, plaintiff received a mortgage loan statement from Argent with a coupon for payment with a mailing address for Argent.

On July 21, 2008, a substitution of trustee was recorded naming Old Republic as the trustee under the Deed of Trust. On March 11, 2008, Old Republic executed a "Notice of Default and Election to Sell Under Deed of Trust" on behalf of defendant Wells Fargo. Plaintiff alleges that at the time the Notice of Default was executed, neither Old Republic nor Wells Fargo had the authority to commence foreclosure proceedings. Plaintiff asserts that until defendants can produce a copy of the original note they are not entitled to proceed as the owner of the note.

Plaintiff makes several federal and state claims against Argent and Wells Fargo. First, a claim under the Truth in Lending Act, 15 U.S.C. § 1640, against all defendants. Second, a claim under the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605, against all defendants. Third, a claim under the Home Ownership and Equity Protections Act of 1994, 15 U.S.C. § 1602 against all defendants. Fourth, a claim against all defendants under the Fair Debt Collection Practices Act. Finally, plaintiff also makes various state law claims. Defendants have moved to dismiss the complaint for failure to state a claim.

**LEGAL STANDARD**

On a motion to dismiss, the Court must accept the plaintiff's allegations as true and construe them in a light most favorable to the plaintiffs. See School of Business v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). A district court should not dismiss for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [the plaintiff's] claims which would entitle [the plaintiff] to relief." Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).

**DISCUSSION**

**I.     Truth In Lending Act Claim (First Claim for Relief)**

The allegations of the complaint demonstrate that plaintiff's Truth in Lending Act ("TILA") claims are barred by the statute of limitations. A TILA action for damages must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). "There is some debate on whether the period of limitations commences on the date the credit contract is executed, or at the time the plaintiff discovered, or should have discovered, the acts constituting the violation." Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003). In Meyer, the Ninth Circuit held that under either theory the plaintiff's TILA claim was time barred because "[t]he failure to make the required disclosures occurred, if at all, at the time the loan documents were signed," and the plaintiff had not produced any evidence of undisclosed credit terms, or evidence that suggested the defendant had engaged in fraudulent concealment or any other conduct that prevented the plaintiff from discovering the TILA claim. Id.

Here, plaintiff alleges that the loan documents were signed on or around January 5, 2005. Plaintiff does not allege that defendant Argent–with whom plaintiff consummated the loan–failed to disclosed any particular credit terms; nor does plaintiff allege any facts suggesting fraudulent concealment. Accordingly, plaintiff's TILA claim for damages must be dismissed. The dismissal will be with 20 days leave to amend.

The TILA right to rescind expires "three years after the date of consummation of the transaction." 15 U.S.C. § 1635(f). According to the allegations of the complaint, this action was filed more than three years after plaintiff entered into the loan; the claim for rescission is therefore untimely and must be dismissed with prejudice. See King v. State of Cal., 784 F.2d 910, 913 (9th Cir. 1986).

**II.    Real Estate Settlement Procedures Act (Second Claim for Relief)**

Plaintiff also alleges that defendants violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605. Argent moves to dismiss this claim solely on the ground that the complaint alleges a violation of _26_ U.S.C. § 2605 and that no such statute exists.

3

RESPA, however, is located at *12* U.S.C. § 2605.  As the only ground for Argent's motion is the incorrect statute, plaintiff's RESPA claim against Argent is dismissed with leave to amend.

Wells Fargo moves to dismiss the RESPA claim against it on the ground that RESPA section 2605 provides that "[e]ach servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transferring of the loan to any other person."  12 U.S.C. § 2605(b)(1).  According to the allegations of the complaint, Wells Fargo is the beneficiary of the transfer of plaintiff's loan; Wells Fargo did not itself transfer the loan.  Thus, argues Wells Fargo, it cannot be liable under RESPA as a matter of law.

While the complaint refers to RESPA section 2605(B), section 2605(c) places notice requirements on the loan transferee.  As it is not apparent from the face of the complaint that plaintiff could not state a claim for damages under 12 U.S.C. section 2605(c), the RESPA claim against Wells Fargo is dismissed with leave to amend.

### III.     Home Ownership and Equity Protection Act (Third Claim for Relief)

Plaintiff's third claim for relief alleges a violation of the Home Ownership and Equity Protection Act ("HOEPA").  HOEPA amended TILA to "combat predatory lending."  In re First Alliance Mortg. Co., 471 F.3d 977, 984 (9th Cir. 2006).  HOEPA's disclosure requirements apply to loans in which "the annual percentage rate at consummation of the transaction will exceed by more than 10 percentage points the yield on Treasury securities . . . ." or those in which the total points and fees payable by the consumer at the time of closing exceed eight percent of the total loan amount or $400.00, whichever is greater.  15 U.S.C. § 1602(aa)(1).

Plaintiff's HOEPA claim must be dismissed for two reasons.  First, the complaint does not allege any facts that suggest that the loan at issue is governed by HOEPA.

Second, as HOEPA is part of TILA, it is governed by the same statute of limitations. See In re Community Bank of Northern Virginia, 418 F.3d 277, 304-05 (3d Cir. 2005).  For the reasons discussed above with respect to the TILA claim for rescission, plaintiff's HOEPA claim for rescission is untimely and therefore must be dismissed with prejudice.  The

4

1 HOEPA claim for damages will be dismissed with leave to amend to allege specific facts
2 suggesting that the one-year statute of limitations was equitably tolled as well as specific
3 facts giving rise to an inference that plaintiff's loan is governed by HOEPA.

**IV.   Fair Debt Collection Practices Act (Fourth Claim for Relief)**

Plaintiff also alleges that defendants are "debt collectors" within the meaning of the Fair Debt Collection Practices Act, 15 U.S.C. section 1692, and that "Defendants did not respond to her demands in such ways as to meet the requirements of the act."

The Fair Debt Collection Practices Act exempts from its reaches a creditor, specifically, "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor. . . ." 15 U.S.C. § 1692a(6)(A); see also Hulse v. Ocwen Federal Bank, FSB, 195 F.Supp.2d 1188, 1203 (D. Oregon 2002).  While plaintiff alleges very little in the complaint with respect to this claim, it is apparent that plaintiff is challenging the collection of the loan by the loan originator and later the loan transferee.  As these entities are creditors rather than debt collectors within the meaning of the statute, the Fair Debt Collection Practices Act claim fails as a matter of law.

**CONCLUSION**

The TILA claim for rescission (First Claim for Relief) is dismissed with prejudice as it is barred by the three-year statute of limitations.

The HOEPA claim for rescission (Third Claim for Relief) is dismissed with prejudice as it is barred by the three-year statute of limitations.

The Fair Debt Collection Practices Act claim (Fourth Claim for Relief) is dismissed with prejudice as defendants are creditors exempt from the statute.

The TILA claim for damages (First Claim for Relief) is dismissed with 20 days leave to amend.  To state a claim plaintiff must (1) identify the alleged TILA violation, that is, identify what each defendant did or failed to do that plaintiff claims violated TILA, and (2) must allege facts that suggest that the claim is not barred by the one-year statute of limitations.

1  The RESPA claim (Second Claim for Relief) is dismissed with leave to amend to
2 identify the RESPA provision under which plaintiff sues and to allege facts that suggest that
3 defendants have violated the provision.  A conclusory assertion that defendants have violated
4 the statute is insufficient.

5  The Court will defer ruling on the sufficiency of the state law claims until it finally
6 determines if plaintiff states a federal claim.

7  Plaintiff's amended complaint, if any, must be filed within 20 days of the date of this
8 Order.  Plaintiff is warned that the failure to file an amended complaint will result in
9 dismissal of all of the federal claims with prejudice.

10 **IT IS SO ORDERED.**

Dated: April 14, 2009



CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE